1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

OCT - 7 2002

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

**ENTERED**

OCT - 7 2002

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re                                    )   Case No. LA 01-33131-ER
                                         )
                                         )
                                         )   Chapter 7
JOHN FLYNN,                              )
                                         )
                                         )   **ORDER ADOPTING THE TENTATIVE**
                                         )   **RULING AS THE RULING OF THE**
                                         )   **COURT**
                                         )
                                         )
                                         )   Date:   October 3, 2002
                 Debtor.                 )   Time:   10:00 a.m.
                                         )   Room:   Courtroom 1568

The Court issued a tentative ruling on October 2, 2002,

regarding a Motion to Authorize Payment of Attorney's Fees and Expenses

Incurred by Danning, Gill, Diamond & Kollitz, LLP From Sale Proceeds of

Real Property heard on October 3, 2002.  The tentative ruling provided,

in pertinent part:

When a sale is made pursuant to section 363(h) with the

consent of the co-owner, the co-owner must pay his/her

prorata share of the expenses including attorney's fees,

which directly benefitted the co-owner.  See In re Fill, 76

76

1 | B.R. 356 (Bankr. S.D.N.Y. 1987); COLLIER ON BANKRUPTCY ¶

2 | 363.08[8][c] (Lawrence P. King, ed., 15th ed. 2002). Here,

3 | the Court finds that the Relief from Stay Proceedings

4 | ($3,430) and the Asset Disposition ($20,368.50) are

5 | sufficiently related to the sale expense and directly

6 | benefitted co-owner Stine . . . . [However], the Court

7 | cannot award expenses ($3,936.51) without a more detailed

8 | breakdown of the expenses as they relate to the Relief from

9 | Stay Proceedings and the Asset Disposition.  Thus, the Court

10 | rules that Stine must pay a pro-rata share of the $23,798.50

11 | in attorney's fees.  Further, the Trustee should maintain

12 | the sale proceeds until all issues regarding the division of

13 | such proceeds have been determined.

14 | After reviewing In re Golden Plan of California, Inc, 829

15 | F.2d 705 (9th Cir. 1986), the Court finds that In re Fill is the

16 | controlling authority.  Additionally, the Court finds that it is

17 | possible for the Chapter 7 Trustee to further break down the expenses

18 | to enable the Court to intelligently award the appropriate expenses.

19 | Accordingly, the Court ORDERS as follows:

20 | The tentative ruling is hereby ordered and incorporated

21 | herein, and the Chapter 7 Trustee's request for expenses is denied

22 | without prejudice.

23

24

25

26 | DATED: 10/7/02

ERNEST M. ROBLES
United States Bankruptcy Judge

27

28

1

2

## CERTIFICATE OF SERVICE BY MAIL

I, _Earnestine Walter_, hereby certify that I mailed a true

3  copy of the ORDER ADOPTING THE TENTATIVE RULING AS THE RULING OF THE COURT on _____

_10-8-02_ to the parties listed below:

4

5  **DEBTOR**

6  **FLYNN, JOHN**
**8060 E FLORENCE AVE SUITE 204**

7  **DOWNEY, CA 90240**

8

9  **DEBTOR'S ATTORNEY**
**PERRY ROSHAN-ZAMIR**

10  **2530 WILSHIRE BLVD, 3RD FL**
**SANTA MONICA, CA 90403**

11

12  **CHAPTER 7 TRUSTEE**
**RICHARD K DIAMOND**

13  **DANNING, GILL, DIAMOND & KOLLITZ**
**2029 CENTURY PK EAST 3RD FLOOR**

14  **LOS ANGELES, CA 90067-2904**

15

16  **U.S. TRUSTEE**
**725 S. FIGUEROA ST., 26th Floor**

17  **LOS ANGELES, CA. 90017**

18  **ATTORNEY FOR ELSIE STEIN**
**CLAUDIA KLOSS**

19  **41 SUNSET AVE, #204**
**VENICE, CA 90291**

20

21

22

23

24

25  _Earnestine Walter_
       Clerk

26

27

28

3